UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SEAN ACKERLEY,					ECF CASE

          -against-					DEMANDS TRIAL
									BY JURY

STEVEN DUFFY, THE COUNTY OF
SULLIVAN, NEW YORK, MICHAEL A.
SCHIFF, Sheriff of the Sullivan County		**07 CIV. 3508**
Sheriff's Department, THE SULLIVAN
COUNTY SHERIFF'S DEPARTMENT,
JENNIFER DeCAMPOS, LAWRENCE			ROBINSON
THEIL, GARRETT GABRIEL and
JARED COSENCHUCK,

                                   Defendants.
------------------------------------------------------------X

     Plaintiff, SEAN ACKERLEY, by his attorneys, ROBERT N. ISSEKS, ESQ., and JEFFREY L. KIRSCH, ESQ., complaining of the defendants, alleges as follows:

## THE PARTIES

     1. At all times hereinafter mentioned plaintiff was and remains a resident of the County of Sullivan, State of New York.

     2. The defendant County of Sullivan, New York, (the "County") was, and continues to be, a municipality located within the Southern District of New York and is duly organized and existing under the laws of the State of New York.

     3. At all times mentioned herein the defendant County of Sullivan maintained and operated, and continues to maintain and operate, a sheriff's department known as the Sullivan County Sheriff's Department (the "Sheriff's Department").

4. At all times hereinafter mentioned, defendant Michael A. Schiff ("Schiff") was, and continues to be, the Sheriff of the County of Sullivan, State of New York, and, as such, the official responsible for (1) the safety, care and well-being of all inmates held in the Sullivan County Jail and (2) the training of all deputies and corrections officers of the Sullivan County Sheriff's Department. Schiff is being sued in his official capacity only.

5. At all times mentioned herein the Sherriff's Department maintained and operated the Sullivan County Jail located in Monticello, New York.

6. At all times hereinafter mentioned, defendants Steven Duffy ("Duffy") Jennifer DeCampos ("DeCampos"), Lawrence Theil ("Theil"), Garrett Gabriel ("Gabriel") and Jared Cosenchuck ("Cosenchuck") were Sullivan County Deputy Sheriffs and/or Corrections Officers assigned to the Sullivan County Jail.

## NATURE OF ACTION AND JURISDICTION

7. This is a civil action seeking compensatory and punitive damages against Duffy, DeCampos, Theil, Gabriel and Cosenchuck, and compensatory damages against the defendants County, Schiff and Sheriff's Department for committing acts under color of law which deprived plaintiff of rights secured under the Constitution and laws of the United States and particularly under the provisions of the Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. §1983.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1343.

9. Each and all of the acts of the defendants Duffy, DeCampos, Theil, Gabriel and Cosenchuck were done by them in their individual capacities under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and under the authority of their offices as Deputy Sheriffs and/or Corrections Officers of the Sheriff's Department.

10. Each and all of the acts and/or omissions of Schiff were committed by him in his official capacity as the Sheriff and final policymaker of the County and Sheriff's Department.

11. This Court's supplemental jurisdiction is also invoked to assert plaintiff's New York State common law claims of negligence, assault, battery and intentional infliction of mental distress.

## PLAINTIFF'S STATEMENT OF CLAIMS

### As Against Defendant Duffy

12. Plaintiff repeats each and every allegation set forth in ¶¶ 1-11.

13. From on or about April 29, 2006 through December 19, 2006, plaintiff was an inmate at the Sullivan County Jail.

14. Upon information and belief, at the time of plaintiff's admission at the jail, the jail's records indicated that plaintiff had been diagnosed as schizophrenic and the defendants were then put on notice that plaintiff was mentally/psychologically vulnerable

and unstable and in need of psychiatric care and greater security than the general inmate population.

15. On April 29, 2006, plaintiff asked Duffy for permission to call his girlfriend and Duffy told plaintiff that it would "cost him". Duffy then finished booking plaintiff and sent him to A Block.

16. On April 30, 2006, while Duffy was working on A Block, he called plaintiff out of A Block to clean the tier on B Block.

17. When plaintiff and Duffy arrived on B Block it was empty and Duffy locked the door while plaintiff was sweeping out the tier.

18. Duffy then said to plaintiff, "Remember yesterday, I said it would cost you to call your girlfriend", and Duffy had Plaintiff put the mop down.

19. Duffy then grabbed plaintiff's penis out of his jumper and when plaintiff tried to stop him, Duffy said that this was the cost of the phone call.

20. Then, using threat and intimidation, Duffy forced plaintiff to sit on the floor and masturbate in front of Duffy while Duffy attempted to put his, Duffy's, penis in plaintiff's mouth. Duffy then pushed his penis in plaintiff's face and masturbated.

21. Upon completion of this sexual assault, Duffy returned plaintiff to A Block, threatened plaintiff to keep quiet and told plaintiff that he, plaintiff, would be receiving a letter in the mail from a "Dorothy" with some money in it.

22. The acts, conduct and behavior of Duffy were performed knowingly, intentionally, maliciously, and with callous and deliberate indifference to plaintiff's rights and well-being.

23. As a result of Duffy's conduct as described above, plaintiff has suffered continued shame, stigma, humiliation, indignity, mental anguish, extreme emotional distress and other psychological trauma and injuries.

24. Duffy's conduct occurred without any fault or provocation on plaintiff's part.

25. Duffy's conduct deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States: (a) the rights to due process of law and the equal protection of the laws secured by the Fourteenth Amendment, and (b) the right against cruel and unusual punishment secured by the Eighth Amendment.

26. By reason of the foregoing plaintiff is entitled to awards of compensatory and punitive damages against Duffy.

**As Against Defendants DeCampos,
Lawrence, Theil, Gabriel and Cosenchuck**

27. Plaintiff repeats each and every allegation set forth in ¶¶ 1-26.

28. On the next day and night following the sexual assault, plaintiff reported what Duffy had done to him to Sgt. Trust, Cpl. Moyer and Sgt. Bini and these officers told plaintiff that the matter would have to wait until the aforementioned letter came in.

29. Shortly thereafter, plaintiff received the letter from "Dorothy" and he showed it to the two sergeants and corporal who, in turn, said they would take care of it.

30. Approximately 3 to 4 days after plaintiff first reported the incident, plaintiff became the victim of a sustained course of harassment at the hands of DeCampos, Lawrence, Theil, Gabriel and Cosenchuck. Such harassment consisted of recurrent taunts and remarks to plaintiff such as, "How did it feel to get fucked [or sucked] by a CO?" and "Duffy's little boy".

31. The acts, conduct and behavior of DeCampos, Lawrence, Theil, Gabriel and Cosenchuck were performed knowingly, intentionally, maliciously, and with callous and deliberate indifference to plaintiff's rights and well-being.

32. As a result of the conduct of DeCampos, Lawrence, Theil, Gabriel and Cosenchuck as described above, plaintiff has suffered continued shame, stigma, humiliation, indignity, mental anguish, extreme emotional distress and other psychological trauma and injuries.

33. The conduct of DeCampos, Lawrence, Theil, Gabriel and Cosenchuck as described herein occurred without any fault or provocation on plaintiff's part.

34. The conduct of DeCampos, Lawrence, Theil, Gabriel and Cosenchuck deprived plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States: (a) the rights to due process of law and the equal

protection of the laws secured by the Fourteenth Amendment, and (b) the right against cruel and unusual punishment secured by the Eighth Amendment.

35. By reason of the foregoing plaintiff is entitled to awards of compensatory and punitive damages against DeCampos, Lawrence, Theil, Gabriel and Cosenchuck.

**As Against Defendants County, Schiff and Sheriff's Department**

36. Plaintiff repeats each and every allegation set forth in ¶¶ 35.

37. Upon information and belief, the occurrences set forth in this complaint were caused and/or facilitated by the County's, Schiff's and the Sheriff Department's negligence and policies of deliberate indifference to plaintiff's well-being and constitutional rights in that these defendants failed to properly screen, train, discipline and supervise its Deputy Sheriffs and Corrections Officers, including Duffy, DeCampos, Lawrence, Theil, Gabriel and Cosenchuck.

38. Throughout the time that plaintiff was incarcerated in the Sullivan County Jail after April 30, 2006, and in order to cope with the mental and emotional suffering that he was experiencing from the aforementioned sexual assault and harassment, plaintiff repeatedly asked jail officials if he could be seen by a psychiatrist. These requests were never complied with and during the 8 months that plaintiff remained in the jail he was not once permitted to see a psychiatrist.

39. The County's, Schiff's and the Sheriff's Department's failure to properly and adequately respond to plaintiff's psychiatric and mental health needs constituted a policy

of deliberate indifference to plaintiff's constitutional rights to proper and adequate medical care and treatment.

40. As a result of the defendants' conduct as described above, plaintiff has suffered severe shame, stigma, humiliation, indignity, mental anguish, extreme emotional distress and other psychological trauma and injuries.

41. The County's, Schiff's and the Sheriff's Department's conduct as described herein occurred without any fault or provocation on plaintiff's part and deprived plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States: (a) the rights to due process of law and the equal protection of the laws secured by the Fourteenth Amendment, and (b) the right against cruel and unusual punishment secured by the Eighth Amendment.

42. By reason of the foregoing plaintiff is entitled to awards of compensatory damages against the County, Schiff and the Sheriff's Department.

WHEREFORE, plaintiff asks this Court to:

    A. Issue an order adjudging and declaring that defendants' conduct violated plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution;

    B. Award plaintiff compensatory damages against the defendants in amounts to be determined by the Court;

  C. Award plaintiff punitive damages against defendants Duffy, DeCampos, Lawrence, Theil, Gabriel and Cosenchuck in amounts to be determined by the Court;

  D. Award plaintiff the costs and disbursements of this action;

  E. Award plaintiff reasonable attorney fees; and

  F. Grant plaintiff such other and further relief as may seem just and proper.

Dated: April 1, 2007

_____
ROBERT N. ISSEKS, ESQ. (RI 0241)
6 North Street
Middletown, New York 10940
(845) 344-4322

JEFFREY L. KIRSCH, ESQ.
EISENBERG & KIRSCH
25 Darbee Lane
P.O. Box 715
Liberty, New York 12754
(845) 292-4412

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SEAN ACKERLEY,

                              Plaintiff,

        -against-                              **VERIFICATION**

STEVEN DUFFY, THE COUNTY OF
SULLIVAN, NEW YORK, MICHAEL A.
SCHIFF, Sheriff of the Sullivan County
Sheriff's Department, THE SULLIVAN
COUNTY SHERIFF'S DEPARTMENT,
JENNIFER DeCAMPOS, LAWRENCE
THEIL, GARRETT GABRIEL and
JARED COSENCHUCK,

                              Defendants.
-------------------------------------------------------X

       SEAN ACKERLEY, being duly sworn, deposes and says:

       That he is the plaintiff herein; that he has read the foregoing complaint and knows the content thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters she believes them to be true.

                                                                  _____
                                                                   SEAN ACKERLEY

Sworn to before me this
27 day of April, 2007

_____
NOTARY PUBLIC

JEFFREY L. KIRSCH
Notary Public, State of New York
No. 02KI6067835
Qualified in Sullivan County
My Commission Expires 12/24/2008