UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――
Sean Ackerley,

                          Plaintiff,        ESC CASE

   -against-                              Docket #07C1V3 508
                                                Robinson

Steven Duffy, County of Sullivan, New York,
Michael A. Schiff, Sheriff of the Sullivan County
Sheriffs Department, the Sullivan County           VERIFIED ANSWER
Sheriffs Department, Jennifer DeCampos,
Lawrence Thief, Garrett Gabriel, and
Jared Cosenchuk,

                          Defendants.
―――――――――――――――――――――――――――――

       Defendant, Steven, Duffy, by his attorney, Cliff Gordon, Esq., as and for his answer to the complaint, alleges as follows:

1. He lacks knowledge or information sufficient form a belief as to the allegations in paragraph 1.

2. He admits the allegations in paragraphs "2", "3", "4", "5", and "6".

3. As to paragraph "7", defendant admits the nature of the action is as stated in the complaint.

4. As to paragraph 8, Defendant admits that by reason of the allegations in the complaint, jurisdiction is conferred on this Court.

5. As to paragraph "9", Defendant denies that any of the acts attributed to him by Plaintiff were ever done by him, whether in his individual capacity or under authority of his office as a Deputy Sheriff.

6. As to paragraph "10", Defendant lacks knowledge or information sufficient to form a belief as to any acts and/or omissions of Schiff which might be relevant to this action.

7. As to paragraph 11, Defendant admits the allegations in the complaint invoke this Court's supplemental jurisdiction.

8. As to paragraph "12", Defendant repeats each and every response to paragraphs "1" through "11".

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph "13", except to the extent that he does recall Sean Ackerley having been an inmate at the Sullivan County Jail and believes it was in 2006.

10. As to paragraph "14", defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff, at the time of his admission at the jail, had been diagnosed as a schizophrenic, and lacks knowledge or information sufficient to form a belief as to any notice to any defendants in that regard.

11. As to paragraph "15" Defendant admits booking the Plaintiff and permitting him to make a telephone call, and denies ever telling Plaintiff that it would "cost him."

12. As to paragraph "16" Defendant admits there was a day on or around April 30, 2006 when he was working A Block and called Plaintiff out of A Block to clean B Block.

13. As to paragraph "17", Defendant admits locking Plaintiff into B Block while Plaintiff swept and mopped, and Defendant went back and forth between A Block, B Block, and his tours of the other interior areas of the jail. He denies that B Block was empty at any time while Plaintiff was there cleaning.

14. Defendant denies each and every allegation in paragraphs "18", "19", "20", "21", "22", "23", "24", "25", and "26".

15. As to paragraph "27", Defendant repeats each and every response to paragraphs "1" through "26".

16. As to paragraph "28", Defendant denies there ever was any sexual assault of Plaintiff by him,

lacks knowledge or information sufficient to form a belief as to any fictional report which might have been made by Plaintiff to Sergeant, Trust, Corporal Moyer, or Sergeant Bini, and furthermore lacks knowledge or information sufficient to form a belief as to any response by these Officers to any such report as Plaintiff might have made.

17.  As to paragraph "29", Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff ever actually received any letter from a young woman named Dorothy, whether he ever showed any such letter to Sergeants Trust and Bini, or Corporal Moyer, or, if he did so, what the Officers' response was.

18.  As to the allegations in paragraph "30", Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff ever became the subject of harassment at the hands of Defendants DeCampos, Lawrence, Thiel, Gabriel, and Cosenchuk, or whether they might have made to him any of the alleged remarks. (The paragraph refers to defendants "Lawrence, Thiel". Upon information and belief, there is no defendant "Lawrence", as "Lawrence" is the first name of defendant "Thiel".) Defendant denies ever having engaged in any such conduct as is referred to implicitly or explicitly in the remarks attributed to Defendants DeCampos, Lawrence, Thiel, Gabriel and Cosenchuk.

19.  As to paragraph "31", Defendant lacks knowledge or information sufficient to form a belief as to any acts, conduct and behavior of DeCampos, Lawrence, Thiel, Gabriel and Cosenchuk, as are referred to, or to any mental state of said Defendants.

20.   As to paragraph "32", defendant lacks knowledge or information sufficient to form a belief as to any emotional response of Plaintiff to any conduct of or statements by DeCampos, Lawrence, Thiel, Gabriel and Cosenchuk.

21. As to paragraph "33", defendant lacks knowledge or information sufficient to form a belief as to any of the conduct attributed to DeCampos, Lawrence, Thiel, Gabriel and Cosenchuk, and whether any such conduct occurred by reason of fault or provocation of Plaintiff.

22. As to paragraph "34", defendant lacks knowledge or information sufficient to form a belief as to whether any conduct of DeCampos, Lawrence, Thiel, Gabriel and Cosenchuk deprived Plaintiff of any of the rights referred to.

23. As to paragraph "35", defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is entitled to any awards, whether compensatory or punitive, against DeCampos, Lawrence, Thiel, Gabriel and Cosenchuk.

24. As to paragraph "36", defendant repeats each response to paragraphs "1" through "35".

*25.* As to paragraph "37", defendant denies that any of the occurrences set forth in this complaint attributed to him ever took place, denies that there was ever any failure on the part of the County, Schiff, or the Sheriffs Department to properly screen, train, discipline and supervise him, and lacks knowledge or information sufficient to form a belief as to the County's, Schiffs, and the Sheriffs Department's attitude towards and treatment of Plaintiff The defendant also lacks knowledge or information sufficient to form a belief as to the County's, Schiffs, and the Sheriffs Department's screening, training, disciplining and supervising officers DeCampos, Lawrence, Thiel, Gabriel and Cosenchuk.

26. As to paragraph "38", Defendant denies that any sexual assault of Plaintiff by him ever took place, and lacks knowledge or information sufficient to form a belief as to whether Plaintiff ever asked jail officials to see a psychiatrist, or the response of those officials to his request.

27. As to paragraph "39", Defendant lacks knowledge or information sufficient to form a belief as to the County's, Scuff s, and the Sheriffs Department's response to Plaintiffs mental health needs.

28. As to paragraph "40", Defendant denies any of the conduct attributed to him by Plaintiff, and lacks knowledge or information sufficient to form a belief as to whether during his incarceration Plaintiff suffered emotional or psychological trauma or injury.

29. As to paragraph "41", defendant lacks knowledge or information sufficient to form a belief as to whether any conduct of the County, Schiff, or the Sheriffs Department occurred as alleged, whether any of their conduct occurred with or without fault or provocation of Plaintiff, or whether any of their conduct deprived him of any of the rights referred to.

30. As to paragraph "42", Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is entitled to compensatory damages against the County, Schiff, and the Sheriffs Department.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. Plaintiffs constitutional and statutory rights were not violated by the answering Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. The answering Defendant did not act negligently with respect to Plaintiff as defined by New York State Common Law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33. The answering Defendant did not assault or batter the Plaintiff as defined by New York State Common Law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34. The answering Defendant did not intentionally inflict emotional distress upon Plaintiff, as defined by New York State Common Law.

WHEREFORE, the Answering Defendant demands Judgment dismissing the Complaint herein, with costs, disbursements.


Dated: Monticello, New York

      May 15, 2007

                              Yours, etc.

                              _____
                              Cliff Gordon, Esq. (7272)
                              Attorney for Defendant Steven Duffy
                              541 Broadway, P.O. Box 803
                              Monticello, New York 12701
                              Tel. No. (845) 794-4043


TO:   J. Michael McMahon, Esq., Clerk of the Court
        United States District Court
        Southern District of New York
        United States Court House
        500 Pearl Street, Room 1010
        New York, New York 10017-1312

        Robert N. Isseks, Esq.
        Attorney for Plaintiff
        6 North Main Street
        Middletown, New York 10940
        Tel. No. *(845)* 344-4332

VERIFICATION

State of New York )
County of Sullivan )ss:

I, Steven Duffy, being sworn, say I am a defendant in the within action; I have read the foregoing answer to verified complaint and know the contents thereof; and the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

_____
Steven Duffy

Sworn to before me this
15th day of May, 2007

_____ x
NOTARY PUBLIC

CLIFFORD GORDON
Notary Public, State of New York
Sullivan County Clerk's #15??
Commission Expires 2-30-11

United States District Court
Southern District of New York
Sean Ackerly,

                          Plaintiff,                ECF CASE

  -against-                                  Docket No. 07C1V3 508
                                                ROBINSON

Steven Duffy, the County of Sullivan,
New York, Michael A. Schiff, Sheriff of           AFFIRMATION
the Sullivan County Sheriffs Department,        CERTIFYING SERVICE
and the Sullivan County Sheriffs Department,
Jennifer DeCampos, Lawrence Thiel,
Garrett Gabriel, and Jared Cosenchuk,

                        Defendants.

**STATE OF NEW YORK**   )
**COUNTY OF SULLIVAN**  )ss:

      **CLIFF GORDON,** an attorney at law, under the penalties of perjury, affirms and says:
      1.    I am an attorney duly licensed in the State of New York and I maintain an office for the practice of law at 541 Broadway in the Village of Monticello, County of Sullivan and State of New York, and I am the attorney for the defendant Steven Duffy in the above entitled action.
      2.    On May 18, 2007 I served a true copy of the Defendant's answer by depositing it in a post-paid express mail wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, by ordinary mail, addressed to each of the following persons at the last known address set forth after each name:

Robert Isseks, Esq., 6 North Street, Middletown, New York 10940.

Dated:  Monticello,
         New York May 18, 2007

                                                          SO AFFIRMED,

                                                          CLIFF GORDON, ESQ. (7272)