UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SEAN ACKERLEY,                                   :
                                                 :   07 CIV. 3508
       Plaintiff,            :   Judge ROBINSON
                                                 :
  -against-                                  :   ANSWER
                                                 :
STEVEN DUFFY, THE COUNTY OF                      :
SULLIVAN, NEW YORK; MICHAEL A.                   :
SCHIFF, Sheriff of the Sullivan County Sheriff's :
Department; THE SULLIVAN COUNTY                  :
SHERIFF'S DEPARTMENT, JENNIFER                   :
DeCAMPOS, LAWRENCE THEIL, GARRETT                :
GABRIEL and JARED COSENCHUCK,                    :
                                                 :
       Defendants.           :
-------------------------------------------------------------x

Defendant COUNTY OF SULLIVAN, JENNIFER DeCAMPOS, LAWRENCE THIEL,[1]

and GARRET GABRIEL, by their attorney, SAMUEL S. YASGUR, County Attorney

for the County of Sullivan, as and for their Verified Answer to the Verified Complaint,

say and allege as follows:

1.   Deny having sufficient knowledge or information to determine whether the allegations set forth in Paragraph "1" of the Verified Complaint are true or false.

2.   Admit the allegations set forth in Paragraph "2" of the Verified Complaint.

---

[1] Deputy Thiel's and Deputy Gabriel's names are mis-spelled in the caption.

3. Deny the allegations set forth in Paragraph "3" of the Verified Complaint but admit that the Sullivan County Sheriff's Department is a Department of the Sullivan County Government.

4. Deny the allegations set forth in Paragraph "4" of the Verified Complaint but admit that Defendant Schiff is the duly elected Sheriff of Sullivan County and admit that one of the functions of the Sheriff's Department is the operation of the Sullivan County jail.

5. Deny the allegations set forth in Paragraph "5" of the Verified Complaint but admit that the operation of the Sullivan County jail is one of the functions of the Sullivan County Sheriff's Department.

6. Admit the allegations set forth in Paragraph "6" of the Verified Complaint.

7. Admit that Plaintiff asserts that the nature of the action is as set forth in Paragraph "7" of the Verified Complaint but deny that there is any validity to the action.

8. Admit the allegations set forth in Paragraph "8" of the Verified Complaint.

9. Deny the allegations set forth in Paragraph "9" of the Verified Complaint and deny that the Defendants DeCampos, Thiel and Gabriel committed any of the acts alleged to have been committed by them.

10. Deny the allegations set forth in Paragraph "10" of the Verified Complaint and deny that the Defendant Sheriff committed any of the acts alleged to have been wrongfully committed by him.

11. Admit that Plaintiff seeks to assert supplemental jurisdiction pursuant to Paragraph "11" of the Verified Complaint but deny there is a basis for such assertion of supplemental jurisdiction.

## PLAINTIFF'S STATEMENT OF CLAIMS

### As Against Defendant Duffy

12. Defendants DeCampos, Thiel and Gabriel repeat and re-allege each and every response to Paragraphs "1" through "11" of the Verified Complaint as if more fully set forth herein.

13. Deny the allegations set forth in Paragraph "13" of the Verified Complaint but admit that during portions of the period from April 29, 2006 through December 19, 2006 Plaintiff was an inmate in the Sullivan County Jail and that during other portions of that period Plaintiff was incarcerated outside of Sullivan County.

14. Deny having sufficient knowledge and information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "14" of the Verified Complaint and state that medical information is confidential, that Defendants

DeCampos, Thiel and Gabriel had no access to such information and further state there was no information indicating a diagnosis of schizophrenia on Plaintiff's suicide prevention questionnaire, and that there was no indication on Plaintiff's intake form that Plaintiff could not be placed in the general population, but, upon information and belief, state that as a result of prior experience with Plaintiff during prior incarcerations Plaintiff was placed in the medical/mental unit of the jail.

15. Deny having sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "15" of the Verified Complaint.

16. Deny having sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "16" of the Verified Complaint.

17. Deny having sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "17" of the Verified Complaint, and, upon information and belief, deny that B Block was empty on April 30, 2006.

18. Deny having sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "18" of the Verified Complaint.

19. Deny having sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "19" of the Verified Complaint.

20. Deny having sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "20" of the Verified Complaint.

21. Deny having sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "21" of the Verified Complaint.

22. Deny having sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "22" of the Verified Complaint.

23. Deny having sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "23" of the Verified Complaint.

24. Deny having sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "24" of the Verified Complaint.

25. Deny having sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "25" of the Verified Complaint.

26. Deny the allegations set forth in Paragraph "26" of the Verified Complaint.

### As against Defendants DeCampos, Thiel, Gabriel and Cosenchuck

27. Defendants DeCampos, Thiel and Gabriel repeat and re-allege each and every response to Paragraphs "1" through "26" of the Verified Complaint as if more fully set forth herein.

28. Deny having sufficient knowledge and information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "28" of the Verified Complaint.

29. Deny having sufficient knowledge and information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "29" of the Verified Complaint.

30. Deny the allegations set forth in Paragraph "30" of the Verified Complaint.

31. Deny the allegations set forth in Paragraph "31" of the Verified Complaint.

32. Deny the allegations set forth in Paragraph "32" of the Verified Complaint.

33. Deny the allegations set forth in Paragraph "33" of the Verified Complaint.

34. Deny the allegations set forth in Paragraph "34" of the Verified Complaint.

35. Deny the allegations set forth in Paragraph "35" of the Verified Complaint.

### As Against Defendants County, Schiff and Sheriff's Department

36. Defendants DeCampos, Thiel and Gabriel repeat and re-allege each and every response to Paragraphs "1" through "35" of the Verified Complaint as if more fully set forth herein.

37. Deny the allegations set forth in Paragraph "37" of the Verified Complaint.

38. Deny having sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations set forth in Paragraph "28" of the Verified Complaint but, upon information and belief assert that the Plaintiff was seen by the jail psychiatrist on more than one occasion during his period of incarceration in Sullivan County in 2006.

39. Deny the allegations set forth in Paragraph "39" of the Verified Complaint.

40. Deny having sufficient knowledge and information so as to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Verified Complaint.

41. Deny the allegations set forth in Paragraph "41" of the Verified Complaint.

42. Deny the allegations set forth in Paragraph "42" of the Verified Complaint.

### AS AND FOR A FIRST FULL AND COMPLETE DEFENSE BY DEFENDANTS THIEL, DeCAMPOS AND GABRIEL

43. Plaintiff has failed to set forth a claim upon which relief can be granted as to Defendants Thiel, DeCampos and Gabriel.

### AS AND FOR A SECOND FULL AND COMPLETE DEFENSE BY DEFENDANTS THIEL, DeCAMPOS AND GABRIEL

44. Plaintiff's Constitutional and statutory rights were not violated by the answering Defendants.

### AS AND FOR A THIRD FULL AND COMPLETE DEFENSE BY DEFENDANTS THIEL, DeCAMPOS AND GABRIEL

45. The answering Defendants did not act outside of the scope of their authority or duties.

### AS AND FOR A FOURTH FULL AND COMPLETE DEFENSE BY DEFENDANTS THIEL, DeCAMPOS AND GABRIEL

46. The answering Defendants are entitled to the defense of qualified immunity.

### AS AND FOR A FIFTH FULL AND COMPLETE DEFENSE BY DEFENDANTS THIEL, DeCAMPOS AND GABRIEL

47. None of the answering Defendants engaged in any activity which was intended to deprive Plaintiff of his rights. Accordingly, Plaintiff is not entitled to punitive damages against any of the answering Defendants.

### AS AND FOR A SIXTH FULL AND COMPLETE DEFENSE BY DEFENDANTS THIEL, DeCAMPOS AND GABRIEL

48. None of the answering Defendants engaged in any willful, malicious or illegal behavior with regard to Plaintiff. Accordingly, Plaintiff is not entitled to punitive damages against any of the answering Defendants.

### AS AND FOR A SEVENTH FULL AND COMPLETE DEFENSE BY DEFENDANTS THIEL, DeCAMPOS AND GABRIEL

49. None of the answering Defendants engaged in any activity which was spiteful or wanton with regard to Plaintiff. Accordingly, Plaintiff is not entitled to punitive damages against any of the answering Defendants.

### AS AND FOR A EIGHTH FULL AND COMPLETE DEFENSE BY DEFENDANTS THIEL, DeCAMPOS AND GABRIEL

50. The actions of the answering Defendants were at all times lawful and proper.

### AS AND FOR A NINTH FULL AND COMPLETE DEFENSE BY DEFENDANTS THIEL, DeCAMPOS AND GABRIEL

51. The answering Defendants at all times acted in good faith and did not violate Plaintiff's rights.

### AS AND FOR A TENTH FULL AND

COMPLETE DEFENSE BY DEFENDANTS
THIEL, DeCAMPOS AND GABRIEL

52. In the event a trier of fact should determine that Plaintiff sustained any damages, other than by reason of his own negligence or conduct, then such damages were caused in whole or in part by a person or persons other than the answering Defendants and the answering Defendants are not liable for such damages.

AS AND FOR A ELEVENTH FULL AND
COMPLETE DEFENSE BY DEFENDANTS
THIEL, DeCAMPOS AND GABRIEL

53. The actions of the answering Defendants were at all times justified.

**WHEREFORE**, Defendant Thiel, DeCampos and Gabriel respectfully pray the Verified Complaint be dismissed as to them with costs and disbursements.

Dated: Monticello, New York
       June 18, 2007

Yours, etc.

_____
Samuel S. Yasgur (7712)
County Attorney
County of Sullivan
Attorney for all Defendants
County Government Center
100 North Street
Monticello, New York
(845) 794-3000

# VERIFICATION

STATE OF NEW YORK   )
                   ) ss.:
COUNTY OF SULLIVAN )

**Garret Gabriel,** being duly sworn, deposes and says:

1. I am a Correctional Officer for Sullivan County Sheriff's Office.

2. I have read the foregoing Verified Answer and know the contents thereof. The same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

_____
Garret Gabriel

Sworn to before me this
18th day of June, 2007.

_____
NOTARY PUBLIC

Susan M. Duffy
Notary Public, State of New York
Qualified in Ulster County
Commission Expires Dec. 8, 2010
Reg. No. 01DU4876358

## VERIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF SULLIVAN  )

**Jennifer DeCampos,** being duly sworn, deposes and says:

1. I am a Correctional Officer for Sullivan County Sheriff's Office.

2. I have read the foregoing Verified Answer and know the contents thereof. The same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

_____
Jennifer DeCampos

Sworn to before me this
18th day of June, 2007.

_____
NOTARY PUBLIC

Susan M. Duffy
Notary Public, State of New York
Qualified in Ulster County
Commission Expires Dec. 8, 2010
Reg. No. 01DU4876358

# VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF SULLIVAN )

**Lawrence Thiel,** being duly sworn, deposes and says:

1. I am a Correctional Officer for Sullivan County Sheriff's Office.

2. I have read the foregoing Verified Answer and know the contents thereof. The same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

_____
Lawrence Thiel

Sworn to before me this
18th day of June, 2007.

_____
NOTARY PUBLIC

Susan M. Duffy
Notary Public, State of New York
Qualified in Ulster County
Commission Expires Dec. 8, 2010
Reg. No. 01DU4876358

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF CASE **07 CIV. 3508**

SEAN ACKERLY

                                                  Plaintiff,

-against-

STEVEN DUFFY, THE COUNTY OF SULLIVAN, NEW YORK; MICHAEL A. SCHIFF, Sheriff of the Sullivan County Sheriff's Department; THE SULLIVAN COUNTY SHERIFF'S DEPARTMENT, JENNIFER DeCAMPOS, LAWRENCE THEIL, GARRETT GABRIEL and JARED COSENCHUCK,

                                                  Defendants.

## ANSWER

SAMUEL S. YASGUR
SULLIVAN COUNTY ATTORNEY
Office and Post Office Address, Telephone
COUNTY GOVERNMENT CENTER
**Monticello, New York 12701**
**(845)794-3000, EXT. 3565**

To
Attorney(s)for
Service of a copy of the within                         is hereby admitted.
    Dated,

Sir: - Please take notice
  __ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on       2006
  __ **NOTICE OF SETTLEMENT**
that an order       of which the within is a true copy will be presented for
settlement to the **HON.**                         one of the judges
of the within named court, at
on          2006     at     M.
Dated,                                                   Yours, etc.

                                                      **Sullivan County Attorney**
                                                      **Office and Post Office Address**
To                                                    **County Government Center**
Attorney(s) for Respondent                     **Monticello, New York 12701**