UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                ECF CASE
------------------------------------------------------------x
SEAN ACKERLY,                                 Docket #:   07 Civ 3508

                Plaintiff,

  -against-                                  **VERIFIED ANSWER**

STEVEN DUFFY, THE COUNTY OF
SULLIVAN, NEW YORK, MICHAEL
A. SCHIFF, Sheriff of the Sullivan County    Assigned Judge:   Judge Stephen C. Robinson
Sheriff's Department, THE SULLIVAN
COUNTY SHERIFF'S DEPARTMENT,
JENNIFER DeCAMPOS, LAWRENCE
THEIL, GARRET GABRIEL and
JARED COSENCHUCK,

                Defendants.
------------------------------------------------------------x

     Defendants Michael A. Schiff, Sheriff of the Sullivan County Sheriff's Department and the Sullivan County Sheriff's Department, by their attorneys Drew, Davidoff & Edwards Law Offices, LLP, as and for their Answer to the plaintiff's complaint, states as follows:

### THE PARTIES

    1.    Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations allegation set forth in paragraph "1" of the complaint.

    2.    Admits each and every allegation set forth in paragraph "2" of the complaint.

    3.    Denies the allegations set forth in paragraph "3" of the complaint but admit that the Sullivan County Sheriff's Department is a Department of the Sullivan County Government.

    4.    Denies the allegations set forth in paragraph "4" of the complaint but admits that defendant Schiff is the duly elected Sheriff of Sullivan County and admit that one of the functions of the Sheriff's Department is the operation of the Sullivan County jail.

    5.    Denies the allegations set forth in paragraph "5" of the complaint but admits that the

operation of the Sullivan County jail is one of the functions of the Sullivan County Sheriff's Department.

6. Admits each and every allegation set forth in paragraph "6" of the complaint.

## NATURE OF ACTION AND JURISDICTION

7. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "7" of the complaint.

8. Denies each and every allegation set forth in paragraph "8" of the complaint except admits the plaintiff purports to confer jurisdiction on this Court under 28 U.S.C. §1331 and §1343.

9. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "9" of the complaint.

10. Denies each and every allegation set forth in paragraph "10" of the complaint except admits that any acts committed by Schiff were in his official capacity.

11. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "11" of the complaint.

12. Admits, denies and denies knowledge or information sufficient to form a belief to the truth or falsity as to each and every allegation set forth in paragraphs "1" through "11" of the complaint as previously admitted to, denied, or denied knowledge or information sufficient to form a belief as to.

13. Admits each and every allegation set forth in paragraph "13" of the complaint, but plaintiff was boarded out to Orange County on two occasions.

14. Denies each and every allegation set forth in paragraph "14" of the complaint in that Correction Officers do not have access to medical records. Correction Officer's only know what is shown on the suicide prevention questionnaire. Upon information and belief, however, based on

prior experience with plaintiff he was placed in the medical/mental health unit of the jail.

15. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "15" of the complaint.

16. Denies each and every allegation set forth in paragraph "16" of the complaint based on the housing unit log book of A Block and B Block.

17. Denies each and every allegation set forth in paragraph "17" of the complaint based on the Inmate Census sheet which indicates inmates living in B Block on April 30, 2006.

18. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in paragraph "26" of the complaint.

27. Admits, denies and denies knowledge or information sufficient to form a belief to the truth or falsity as to each and every allegation set forth in paragraphs "1" through "27" of the complaint as previously admitted to, denied, or denied knowledge or information sufficient to form a belief as to.

28. Denies each and every allegation set forth in paragraph "28" of the complaint except admits that on or about May 2, 2006 plaintiff told CO Sgt. Trust that C.O. Duffy was "trying to get him to do weird shit, but nothing happened".

29. Denies each and every allegation set forth in paragraph "29" of the complaint.

30. Denies each and every allegation set forth in paragraph "30" of the complaint.

31. Denies each and every allegation set forth in paragraph "31" of the complaint.

32. Denies each and every allegation set forth in paragraph "32" of the complaint.

33. Denies each and every allegation set forth in paragraph "33" of the complaint.

34. Denies each and every allegation set forth in paragraph "34" of the complaint.

35. Denies each and every allegation set forth in paragraph "35" of the complaint.

36. Admits, denies and denies knowledge or information sufficient to form a belief to the truth or falsity as to each and every allegation set forth in paragraphs "1" through "36" of the complaint as previously admitted to, denied, or denied knowledge or information sufficient to form a belief as to.

37. Denies each and every allegation set forth in paragraph "37" of the complaint.

38. Denies each and every allegation set forth in paragraph "38" of the complaint.

39. Denies each and every allegation set forth in paragraph "39" of the complaint.

40. Denies each and every allegation set forth in paragraph "40" of the complaint.

41. Denies each and every allegation set forth in paragraph "41" of the complaint.

42. Denies each and every allegation set forth in paragraph "42" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. Plaintiff's complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, AND/OR IN DIMINUTION OF DAMAGES

44. Answering defendants acted in good faith and without the intent to violate plaintiff's civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE, AND/OR IN DIMINUTION OF DAMAGES

45. That if any of the acts complained of in the complaint are found to have been committed by the trier of fact, said acts were justified in that the actor or actors had reasonable grounds to believe that his or their acts were reasonably justified, pursuant to law, without malicious intent or were a reasonable response to plaintiff's acts or were in defense of person or property in response to provocation or were to preserve the public peace or were with just or probable cause.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46. If it is shown that the statement of conduct allege to have been made or undertaken by the defendants were in fact made, such statement or conduct was privileged and/or was made or undertaken by said defendants in good faith, without malice, and with just and probable cause.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47. If the plaintiff sustained damages, as alleged in the complaint, other than by

reason of his own culpable conduct, assumption of risk or comparative negligence, which is expressly denied by the answering defendants, then such injuries and damages were caused in whole or in part by the culpable conduct of some third person or persons over whom the answering defendants exercised no control and for which the answering defendants are not responsible or liable.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48. Plaintiff's constitutional and statutory rights were not violated by the answering defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49. The answering defendants cannot be held liable based on the *respondent superior* for the alleged violations of plaintiff's civil rights.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

50. The actions of the defendants Michael A. Schiff, Sheriff of the Sullivan County Sheriff's Department and the Sullivan County Sheriff's Department were justified at all times in this matter.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

51. The defendants Michael A. Schiff, Sheriff of the Sullivan County Sheriff's Department and the Sullivan County Sheriff's Department, nor any of its officers, agents, servants or employees engaged in any activity which was intentionally false, without rational basis, inspired by spiteful intent, illegal or malicious behavior, nor was it intended to deny the plaintiff of his rights and as such the plaintiff is not entitled to punitive damages against any of the answering defendants.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

52. That the individually named defendant Sheriff, individually is entitled to qualified immunity and as such the claims against the individual must be dismissed in their entirety.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

53. That the answering defendants are entitled to the defense of qualified immunity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

54. That the claims of the plaintiff are barred by virtue of his failure to exhaust administrative remedies.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

55. That the plaintiff does not come before this Court with clean hands in connection with the matters alleged in the complaint.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

56. That the plaintiff's cause of action under 42 U.S.C. §1983 is barred by the failure to show a pattern, custom, or habit of this defendant to deny plaintiffs their civil rights.

### AS AN FOR A FIFTEENTH AFFIRMATIVE DEFENSE

57. That the claim and causes of action alleged in the complaint are barred by the applicable statute of limitations.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

58. That the claims and causes of action alleged in the complaint are barred by the equitable doctrine of laches.

WHEREFORE, these answering defendants demand judgment dismissing the complaint herein as tho these answering defendants with costs and disbursements.

Dated: Monticello, New York
June 21, 2007

        Yours, etc.,

        _____/s/_____
        MICHAEL DAVIDOFF, ESQ. (MD-7501)

        DREW, DAVIDOFF & EDWARDS
        LAW OFFICES, LLP
        Attorneys for Defendants Michael A. Schiff, Sheriff
        of the Sullivan County Sheriff's Department and the
        Sullivan County Sheriff's Department
        13 Liberty Street, PO Drawer 1040
        Monticello, New York 12701
        (845) 794-5000

TO:   J. Michael McMahon
      Clerk of the Court
      United States District Court
      Southern District of New York
      United States Courthouse
      500 Pearl Street, Room 1010
      New York, New York 10007-1312

      Robert N. Isseks, Esq.
      *Attorney for Plaintiff*
      6 North Main Street
      Middletown, New York 10940